[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER SUMMARY PROCESS APPLICABLE TOPOSSESSION INCIDENT TO CONTRACT FOR SALE OF PREMISES
On October 4, 1994, Frank P. DiMartino, as seller, and Robert C. Pulley and Cynthia D. Pulley as buyers signed an agreement paragraph two of which states in pertinent part that
 . . . the [b]uyers shall have the full right to use, occupy, possess, and enjoy the property, and the seller shall have no right to end or limit the [b]uyers' rights to possession, except as provided in this agreement. The relationship between the Seller and the Buyers shall not be that of landlord and tenant, but rather shall be that (sic) vendor and vendee, pursuant to thisCT Page 712 agreement, which is intended to be an executory contract of sale. The statutes and other laws relating to the legal relationship to the recovery of possession by summary process shall not apply.
(Emphasis added.)
Paragraph four of the parties' agreement states how the defendants' $1,800 monthly use and occupancy payments shall be applied to the purchase price of $305,000. The agreement contemplates a later adjusted purchase price which would reflect, among other matters, certain credits for the use and occupancy payments.[1] Paragraph 15 of the agreement sets out the seller's remedies in event of the buyers' default thereunder. The remedies include tendering title of the property to the buyers, ". . . declar[ing] the balance of the purchase price then due and payable in full, and bring[ing] suit for the collection of said balance." Another option provided in paragraph 15 is levy and attachment of the property itself, subsequent to the conveyance of title to the buyers.
Plaintiff Frank P. DiMartino has brought this summary process action in which he claims entitlement to possession of the subject premises resultant from the defendants' alleged failure to make their agreed upon monthly use and occupancy payments. Defendants Robert and Cynthia Pulley have filed a motion to dismiss this action. The defendants contend that this Court lacks jurisdiction for the reason that the defendants' possession is enjoyed pursuant to a contract for the sale of real estate which itself provided a remedy exclusive of summary process.
Connecticut General Statutes Section 47a-2 enumerates the matters exempt from the application of Chapter 830, including summary process. Section 47a-2(a) states in relevant part that
 "[u]nless created to avoid the application of this chapter and sections . . . 47a-23
to 47a-23b . . ., the following arrangements are not governed by this chapter and sections . . . 47a-23 to 47a-23 . . . CT Page 713
 (2) occupancy under a contract of sale of a dwelling unit, or the property of which such unit is a part, if the occupant is the purchaser or a person who succeeds to his interest; . . . .
Although the defendants would maintain that the above statutory provision provides them with relief, the plaintiff would deny that relief through his contention that the real estate contract itself must have been "created to avoid theapplication of sections . . . 47a-23 to 47a-23b. . . ."
Nevertheless, the plaintiff does not deny the defendants' claim that he was the scribe of the contract and that they were unrepresented by counsel at its signing. However, the plaintiff does claim that the defendants' alleged non-payment negates the contractual limitation of the plaintiff's remedies to non-summary process proceedings.
In construing the parties' written contract the Court must respect the clear words stated therein. "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." Ives v. Willimantic, 121 Conn. 408,411 (1936). Applying this concept to the parties' agreement in this case, this Court finds that the parties intended to structure a financial transaction designed specifically to enable the plaintiff to sell and the defendants to buy the subject premises.[2] The Court further finds that the parties' determination to have a judicial remedy outside of summary process fosters their vendor/vendee relationship, and is not a creation designed to avoid the application of summary process laws and procedures.
The Court finds that the defendants have ". . . occupancy under a contract of sale of a dwelling unit or the property of which such unit is a part. . ." General Statutes Sec. 47a-2a(2). Furthermore, pursuant to said section, the Court finds that the parties' arrangement is exempt from summary process. Accordingly, the Court grants the defendants' Motion to Dismiss.
Clarance J. Jones, Judge